# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TYWAN JOHNSON, | ) |
| Petitioner, | ) ) |
| vs. | ) ) Case No. 12-0182-CV-W-BP-P |
| TROY STEELE, | ) ) |
| Respondent. | ) |

## OPINION AND ORDER DENYING WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

Petitioner, a convicted state prisoner currently confined at the Potosi Correctional Center in Mineral Point, Missouri, has filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2007 convictions and sentences for forcible sodomy, armed criminal action, and resisting arrest, which were entered in the Circuit Court of Boone County, Missouri. Petitioner's conviction was affirmed on direct appeal (Respondent's Exhibit E), and the denial of his motion for post-conviction relief filed pursuant to Mo. Sup. Ct. R. 29.15 was upheld on appeal thereof (Respondent's Exhibit J). Petitioner raises three (3) grounds for relief. Respondent contends that Grounds One and Two are procedurally defaulted and that Ground Three is not cognizable under 28 U.S.C. § 2254.

## FACTUAL BACKGROUND

In affirming petitioner's conviction and sentence, the Missouri Court of Appeals, Western District, set forth the following facts:

> . . . Johnson was charged with sexually assaulting K.S. (the "Victim") on the morning of April 21, 2006. Victim lived in an apartment building, in a unit upstairs from the apartment occupied by Johnson's girlfriend. Johnson had been staying occasionally with his girlfriend at the time in question. Victim testified that Johnson

was carrying a kitchen knife at the time of the assault. He ultimately forced her to perform oral sex on him.

. . . .

Johnson testified at trial in his own defense, and claimed that the sexual encounter on April 21 was consensual.

. . . .

Johnson's jury trial commenced on April 17, 2007. At the conclusion of trial on the following day, the jury found him guilty as charged.

Respondent's Exhibit E, pp. 2-3.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc), cert. denied, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## **GROUNDS ONE AND TWO**

In Ground One, petitioner asserts a claim of ineffective assistance of counsel in that trial counsel failed to impeach the victim on her statements that petitioner ripped off her shirt and bra, that the she was looking for a way to escape, and that her front door opened inwards. Doc. No. 1,

---

[1]In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

2

pp. 15-16. In Ground Two, petitioner claims that trial counsel was ineffective for failing "to investigate, prepare, and present evidence of falsified evidence of Analyst Scott Johson." Doc. No. 1, p. 17. Respondent contends that petitioner procedurally defaulted Grounds One and Two by failing to assert them on appeal of the denial of his Rule 29.15 motion. Doc. No. 12, pp. 2-4.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Id. Petitioner procedurally defaulted Grounds One and Two by failing to include them in on appeal from the denial of his Rule 29.15 motion. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997)(recognizing that failure to present claims in the Missouri courts at any stage of direct appeal or post-conviction proceedings is a procedural default), cert. denied, 523 U.S. 1010 (1998). A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

In his reply, petitioner does not address respondent's procedural default arguments and merely restates his claims. Doc. No. 12. Because petitioner fails to present any explanation for why these claims were not pursued on appeal from the denial of his Rule 29.15 motion, petitioner fails to demonstrate cause for his procedural default.[2] Petitioner also has failed to show that a

---

[2] Because petitioner does not allege ineffective assistance of post-conviction counsel as cause for his procedural default, Martinez v. Ryan, 132 S. Ct. 1309 (2012) does not apply. Even if plaintiff had alleged that the ineffectiveness of post-conviction appellate counsel caused his

3

Case 4:12-cv-00182-BP   Document 18   Filed 06/13/12   Page 3 of 5

fundamental miscarriage of justice will result if his defaulted claims are not considered.  See Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006) (petitioner must present new evidence that affirmatively demonstrates that he is actually innocent of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception), cert. denied, 549 U.S. 1036 (2006).  As a result, Grounds One and Two are procedurally defaulted and will be denied.

## GROUND THREE

In Ground Three, plaintiff claims his post-conviction counsel abandoned him in that counsel failed "to call witnesses, subpoena phone records, etc." Doc. No. 1, p. 18.  Respondent contends that plaintiff actually is asserting a claim of ineffective assistance of post-conviction counsel, which is not cognizable under 28 U.S.C. § 2254.  Doc. No. 12, p. 4.

"The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i); see also Christenson v. Ault, 598 F.3d 990, 995-96 (8th Cir. 2010) ("There is no federal constitutional right to the effective assistance of post-conviction counsel.")(citation omitted). Because Ground Three is not cognizable under Section 2254, it will be denied.

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right."  To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong."  Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied.  See 28

---

procedural default, "Martinez offers no support . . . for the contention that the failure to preserve claims on appeal from a postconviction proceeding can constitute cause." Arnold v. Dormire, 675 F.3d 1082, 1087 (8th Cir. 2012).

4

Case 4:12-cv-00182-BP   Document 18   Filed 06/13/12   Page 4 of 5

U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) the issuance of a certificate of appealability is denied; and

(3) this case is dismissed with prejudice.

    /s/ Beth Phillips
BETH PHILLIPS
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: June 13, 2012.